**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4454**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

FEDERICO MARTINEZ-VENTURA,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-03-466)

---

Submitted:  May 31, 2005                    Decided:  July 6, 2005

---

Before LUTTIG and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Federico Martinez-Ventura was sentenced to a thirteen-month term of imprisonment and a one-year term of supervised release after he pled guilty to illegal reentry, 8 U.S.C. § 1326(a) (2000). Martinez-Ventura appeals, arguing that his sentence, based in part on criminal history points for prior sentences not alleged in the indictment, violated his Sixth Amendment right to jury trial under Blakely v. Washington, 124 S. Ct. 2531 (2004). We affirm.[*]

Martinez-Ventura argues that Blakely brings into question the viability of Almendarez-Torres v. United States, 523 U.S. 224 (1998) (holding that prior felony convictions are merely sentencing enhancements, rather than elements of the offense). He contends that the district court erred by placing him in criminal history category V when the indictment did not charge that he had been convicted of prior crimes, and the court thus violated his right to have facts that increase the maximum sentence be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. Because Martinez-Ventura did not raise the issue below,

---

[*]Martinez-Ventura was released from confinement on November 9, 2004. We retain jurisdiction over the appeal because his term of supervised release has not yet elapsed and legally could be reduced to less than one year as his offense was a Class E felony. 18 U.S.C. § 3583(b)(3) (2000) (term of supervised release for a Class E felony may not be more than one year); United States v. Trotter, 270 F.3d 1150, 1153 (7th Cir. 2001) (defendant's appeal may avoid mootness if term of supervised release may be shortened).

review is for plain error.  <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993).

In <u>Almendarez-Torres</u>, the Supreme Court held that "the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence."  In <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2005), the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>, and the Court recently reaffirmed its holding in <u>Apprendi</u>.  See <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005).  Therefore, we conclude that the district court did not err in considering Martinez-Ventura's prior sentences to calculate his criminal history.

Because Martinez-Ventura has not shown any error in the calculation of his eleven criminal history points, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>